IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| SAMI INAIMI, | § | |
| *Plaintiff,* | § § § | |
| V. | § § | CIVIL ACTION NO.: 4:21-cv-01832 |
| HARRIS COUNTY, TEXAS, | § § § | |
| *Defendant.* | § | JURY TRIAL REQUESTED |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME SAMI INAIMI**, hereinafter called Plaintiff, complaining of and about Defendant HARRIS COUNTY, TEXAS. In support of their cause of actions, Plaintiffs allege upon information and belief the following.

### I. NATURE OF THE CASE

1. This is a civil action arising under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code § 1983, 1985, and 1988 seeking damages against Defendant for committing acts, under color of law, with intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C.§ 1331, 42 U.S.C. §§ 1983, 1985, and 1988, Texas Tort Claims Act, and supplemental jurisdiction under 28 U.S.C. §1367(a), to hear Plaintiff's state law claims, if any, as well as under the Fourth, Fifth,

Eight, and Fourteenth Amendments to the United States Constitutional and Federal laws. This case involves the use of excessive force and deprivation of constitutional rights belonging to Plaintiff by a state actor and/or under color of state law which includes, but is not limited to, deprivation of Plaintiff's liberty and freedom interests from excessive and unreasonable force and cruel and unusual use of force.

3. Venue is proper in this Court, under 28 U.S.C. §1391(b), because the incident at issue took place in Harris County, Texas, within the United States Southern District of Texas.

### III. PARTIES

4. Plaintiff, SAMI INAIMI, is an individual who is a resident of Harris County, Texas.

5. Defendant HARRIS COUNTY, TEXAS is a governmental unit existing within the U.S. Southern District of Texas and may be served with process by serving the HARRIS COUNTY, Harris County Judge Lina Hidalgo at 1001 Preston, Ste. 911 Houston Texas 77002 and or anywhere Defendant may be found. Service of said Defendant as described above can be affected by certified mail, return receipt requested and or personal delivery.

### IV. FACTS

6. Plaintiff was the victim of brutal and excessive force on or about June 12, 2019. On or about May 14, 2019, Plaintiff was temporarily placed in Harris County custody for failure to make child support payments. Plaintiff was represented by his family law attorney Sharon Sanders. On or about June 12, 2019, the judge ordered Plaintiff to be released from custody after the child support payment matter was resolved.

7. On or about June 12, 2019, during Plaintiff's commute back to the holding cell, Plaintiff complained to Defendant and its agents, officers, and/or employees that he was having difficulty walking because his ankles were shackled excessively tight and cutting through his skin causing

bleeding. Despite Plaintiff's numerous complaints of extreme pain, Defendant and its agents, officers, and/or employees ignored Plaintiff, refused to allow him to rest, and forced him to continue walking. Due to the pain, Plaintiff began walking slowly, resulting in Defendants placing him in a wheelchair. Two of Defendants agents, officers, and/or employees pushed Plaintiff back to his holding cell in this wheelchair.

8. Defendants had to transfer Plaintiff into a different wheel chair. A total of seven officers joined in to escort Plaintiff back to his holding cell. Despite Plaintiff's extreme pain, Defendant and all nine of its agents, officers, and/or employees did not help Plaintiff move into the second wheel chair. As a result, during the transfer into the second wheelchair and Plaintiff still being shackled at his feet, Plaintiff fell for a second time and sustained injuries. Instead of offering aid to Plaintiff, Defendant and its agents, officers, and/or employees, particularly an African American female officer, laughed and joked stating that Plaintiff was faking his fall and was being "a drama queen." At no time whatsoever were any actions taken to check and see if Plaintiff sustained any injuries. Then when an officer finally offered Plaintiff minimal assistance, the officer grabbed Plaintiff off the floor and violently threw him in the wheelchair with force, causing Plaintiff to feel immense pain immediately.

9. Eventually, Plaintiff was taken to the jail's medical clinic where it was discovered that Plaintiff sustained a broken hip in two places and damage to his right eye. Plaintiff was immediately rushed to the hospital by ambulance.

10. Plaintiff was in custody for a civil law family matter and was not harmful or dangerous to officers. Yet, the officers had Plaintiff shackled after the judge already released him from custody for a child support payment which was successfully adjudicated. As a result of the negligence and gross negligence and excessive force of Defendant and its agents, officers, and/or employees,

Plaintiff sustained severe and life altering injuries. Plaintiff fractured his left hip, neck, and back and has vision issues in his right eye. Plaintiff was required to get hip surgery after his hip completely detached from his leg and surgery on his right eye for vision loss. Plaintiff's injuries were proximately caused by Defendant and its agents, officers, and/or employees' careless, reckless, negligent, indifference, and gross negligence actions toward Plaintiff. Defendant and its agents, officers, and/or employees breached a duty owed to Plaintiff.

## V. CAUSES OF ACTION

**42 U.S.C. §§1983 and 1988/ *Monnell***

11. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

12. Defendants' conduct exceeded the constitutional limits prescribed for the use of reasonable force to seize the person of a suspect.

13. Defendants, acting under color of law and within the scope of their responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifference deprived Plaintiff of his constitutional rights. As state actors under color of law, Defendants abridged Plaintiff's constitutional liberty interests and right to be free from unreasonable and excessive seizure. As such, Plaintiff sues Defendants, as state actors under color of law, pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's liberty and freedom interests. Plaintiff seeks all compensable damages that he may be justly entitled to.

14. Plaintiff also alleges that Defendant and its agents, officers, and/or employees, failed to supervise and/or train Defendant Officers to properly escort an inmate shackled at the feet back to his holding cell and protecting said inmate from injury. Also, such Defendant Officers demonstrated a collective failure to use reasonable force and demonstrate a lack of training

regarding the use of non-lethal force, proper arrest procedures and procedure on how to properly transport an inmate in county custody.

15.     Plaintiff asserts that Defendant is liable for excessive force and failing to protect Plaintiff from excessive force in violation of the Fourth and Fourteenth Amendments. To establish that Defendants violated Plaintiff's Constitutional right to be free from excessive force must show:

   a. An injury;
   b. Which resulted from the use of force that was clearly excessive to the need; and
   c. The excessiveness of which was objectively unreasonable. *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2001).

16.     As stated above, Plaintiff suffered multiple injuries as a direct result of Defendant's actions and inactions. Defendant's actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting the officers without regard to their underlying intention or motivation. Clearly, the facts and circumstances of this particular incident demonstrates the unreasonableness of said actions, including that Plaintiff was not a criminal, already released, and posed no threat or danger to the officers.

17.     For these reasons, it was objectively unreasonable for Defendants use of excessive force against Plaintiff.

**Ratification by Harris County and Patter/Practice of Excessive Force**

18.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19.     Plaintiff had his rights violated and was injured due to the policies, practices, customs, and procedures of Defendant Harris County. Defendant Harris County has a practice, custom, culture, procedure, and/or training of permitting and/or encouraging excessive force against persons.

20.     Plaintiff alleges that Defendant's policies, practices and customs were a moving force in causing the unconstitutional conduct alleged herein.  Plaintiff intends to show that there was a

failure to supervise or correct wrongful behavior by these officers; there was a culture of silence and toleration of such conduct and/or there was a failure to train on non-lethal use of force.

21. Further, there is evidence of a clear culture of silence, pattern and practice among officers of Defendant and its agents, officers, and/or employees demonstrated by the complete failure of any of the involved officers to report and/or implement any corrective action of this obviously unwarranted behavior. Plaintiff asserts that the culture of silence, lack of non-lethal force, lack of supervision and pattern and practice of excessive force were the moving force for the unreasonable and unconstitutional conduct complained of herein.

**Texas Tort Claims Act- §101.021**

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. Defendant is negligent under the Texas Tort Claims Act ("TTCA"), §101.021 because Defendant and its officers, agents, and/or employees were acting with the scope of their employment.

24. A governmental unit in the state, such as Defendant Harris County, is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

   a. personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

25. Here, Defendant owned and controlled the shackles and handcuffs that were excessively used against Plaintiff and were the proximate cause of Plaintiff's life altering injuries.

## VI.  PUNITIVE DAMAGES

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. All individuals sued are liable for punitive damages as they were consciously indifferent to Plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## VII. ATTORNEYS' FEES

28. Plaintiff is entitled to recover attorneys' fees and costs to enforce his constitutional rights and under 42 U.S.C. § 1982, 1983, 1985, and 1988, from Defendants.

## VIII. JURY TRIAL

29. Plaintiff demands trial by jury on all issues triable to the jury.

## IX. DAMAGES

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Sami Inaimi was caused to suffer loss, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sami Inaimi has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sami Inaimi for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;
   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
   C. Physical pain and suffering in the past;
   D. Mental anguish in the past;
   E. Physical pain and suffering in the future;
   F. Mental anguish in the future;
   G. Physical impairment in the past;
   H. Physical impairment which, in all reasonable probability, will be suffered in the future;
   I. Loss of earnings in the past;
   J. Loss of earning capacity which will, in all probability, be incurred in the future;
   K. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

L. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;
M. Loss of Household Services in the past;
N. Loss of Household Services in the future;
O. Disfigurement in the past;
P. Disfigurement in the future;
Q. Cost of medical monitoring and prevention in the future; and
R. Punitive Damages.

32. By reason of the above, Plaintiff, Sami Inaimi has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER FOR RELIEF

WHEREFORE, Plainitff prays for judgment on his behalf against all Defendants jointly, severally, and as follows: Given the above, Plaintiff Sami Inaimi asks this Court, after impaneling a jury and accepting the presentation of evidence, to enter judgment in favor of Plaintiff and against the Defendants and others to be identified in at least the following particulars:

A. Enter judgment for Plaintiff against all Defendants;
B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against Defendants;
C. Award damages to Plaintiff for the violation of his Constitutional rights claims;
D. Award pre-and post-judgment interest;
E. Award punitive damages against all Defendants;
F. Cost of court; and
G. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,

**THE COX PRADIA LAW FIRM PLLC**

By: _/s/ Troy J. Pradia_____
**Troy J. Pradia**
TBN: 24011945
Fed.ID. 30260
**Divya Raj**
TBN: 24110248
Fed. Id.: 3498683
1415 N. Loop West, Ste. 305

Houston, Texas 77008
Tel. 713.739.0402
Fax 713.752.2812
tjp@coxpradialaw.com
Divya@coxpradialaw.com
**ATTORNEYS FOR PLAINTIFF SAMI INAIMI**